IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL MOORE, | ) |
| ASIA MOORE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| a municipal corporation, | ) |
| JENNIFER HARRIS, a | ) |
| City of Chicago Police Officer, | ) |
| Star Number 14060, | ) |
| ADRIAN VIVANCO, a | ) |
| City of Chicago Police Officer, | ) |
| Star Number 17269, | ) |
| RICHARD RODRIGUEZ, a | ) |
| City of Chicago Police Officer, | ) |
| Star Number 18290, | ) |
| SAMUEL RAWLS, a | ) |
| City of Chicago Police Officer, | ) |
| Star Number 10205, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

NOW COME the Plaintiffs, by and through their attorneys, DVORAK, TOPPEL & BARRIDO, LLC., and, complaining of the Defendants City of Chicago, Officer Jennifer Harris (Star 14060), Officer Adrian Vivanco (Star 17269), Officer Richard Rodriguez (Star 18290), and Officer Samuel Rawls (Star 10205) (hereinafter "the Defendant Officers") states as follows:

### **Jurisdiction/Venue**

1. This incident occurred on April 19, 2008, in the City of Chicago, County of Cook, Illinois, and the complaint in this matter was first filed on April 18, 2008 (09 C 2730).

2. This case was voluntarily dismissed on October 22, 2009, without prejudice, by this

1

Court, and thus the statute of limitations was extended by one year, pursuant to Illinois' savings clause statute.

3. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction as provided under U.S.C. § 1367 (a).

## Parties

4. At all relevant times pertaining to this occurrence, the Plaintiffs were residents of Chicago, Cook County, Illinois.

5. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Harris, Vivanco, Rodriguez, and Rawls, who were acting under color of law and in the course and scope of their employment with the City of Chicago as police officers.

## Facts

6. On or about April 19, 2008, the Plaintiffs were in the vicinity of 758 W. 76th Street, Chicago, Illinois.

7. Then and there, one or more of the Defendant Officers stopped, seized, searched and arrested the Plaintiffs, despite the fact that the Defendant Officers had no probable cause to believe either of the Plaintiffs had committed a crime.

8. During the arrest of the Plaintiffs, one or more of the Defendant Officers failed to intervene to prevent the false arrest of the Plaintiffs, despite having a duty and reasonable opportunity to do so.

9. The Plaintiffs were subjected to an unwarranted and malicious physical attack by one or more of the Defendant Officers during their arrest.

10. The violence inflicted by one or more of the Defendant Officers caused unspecified injuries to the Plaintiffs, including but not limited to physical, emotional, and/or pecuniary damages.

11. The Defendant Officers did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiffs.

12. During the incident, one or more of the Defendant Officers failed to intervene to prevent the use of excessive force on the Plaintiffs, despite having a duty and reasonable opportunity to do so.

13. Following the attack, the Defendant Officers caused criminal charges to be filed against the Plaintiffs.

14. As the proximate result of all the aforementioned actions by the Defendant Officers, the Plaintiffs suffered bodily injury, pain and suffering, psychological damage and medical as well as legal expenses.

**COUNT I - 42 U.S.C. § 1983 Excessive Force and/or Failure to Intervene to Prevent the Use of Excessive Force**

(Plaintiffs v. Officers Harris, Vivanco, Rodriguez, and Rawls)

15. Plaintiffs re-allege paragraphs 1-13 and incorporate them herein as if stated in full.

16. The actions of the Defendant Officers in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiffs violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution, enforceable against the states and their municipalities through the Fourteenth Amendment, to be secure in their person, papers, and effects against unreasonable searches and seizures, thus violating 42 U.S.C. § 1983.

17. The action, or inaction, of the Defendant Officers in failing to intervene and protect

Plaintiffs from excessive, unreasonable, and unjustifiable force, despite the duty and opportunity to do so, violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983, as these actions and inactions were the direct and proximate cause of Plaintiff's injuries, described herein.

18. As the proximate result of the aforementioned actions by the Defendant Officers, the Plaintiffs suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical as well as legal expenses.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs demand compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiffs demand substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

## COUNT II – 42 U.S.C. § 1983 False Arrest and/or Failure to Intervene to Prevent a False Arrest

(Plaintiffs v. Officers Harris, Vivanco, Rodriguez, and Rawls)

19. Plaintiffs re-allege paragraphs 1-13 and incorporate them herein as if stated in full.

20. One or more of the Defendant Officers falsely arrested the Plaintiffs, and thus violated the Plaintiffs' rights under the Fourth and Fourteenth Amendment to the United States Constitution to be free from unreasonable searches and seizures, thus violating 42 U.S.C. § 1983.

21. The action, or inaction, of the Defendant Officers in failing to intervene and protect Plaintiffs from false arrest, despite the duty and opportunity to do so, violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983, as these actions and inactions

were the direct and proximate cause of Plaintiff's injuries, described herein.

22. The actions of the Defendant Officers were the direct and proximate cause of the violations of the Plaintiffs' Fourth Amendment rights as well as their injuries, as described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against the Defendant Officers and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and any other additional relief this Court deems equitable and just.

### COUNT III - Illinois State Law Claim of Battery (*respondeat superior*)

(Plaintiffs v. City of Chicago)

23. Plaintiffs re-allege paragraphs 1-13 and incorporate them herein as if stated in full.

24. One or more police officers with the Defendant City of Chicago physically abused Plaintiffs, and these officers committed these intentional, harmful, and/or offensive contacts against Plaintiffs without provocation or legal justification.

25. The actions of one or more Chicago police officers were the direct and proximate cause of the injuries suffered by Plaintiffs as described herein.

26. One or more Chicago police officers were acting in the course and scope of their employment with the City of Chicago while taking these actions, and thus, the City of Chicago is liable based on the theory of *respondeat superior*.

WHEREFORE, Plaintiffs demand compensatory damages against the Defendant City of Chicago, plus litigation costs, and any other additional relief this Court deems equitable and just.

### COUNT IV – State Law Claim of False Imprisonment (*respondeat superior*)

(Plaintiffs v. City of Chicago)

27. Plaintiffs re-allege paragraphs 1-13 and incorporate them herein as if stated in full.

28. One or more City of Chicago Police Officers placed handcuffs on the Plaintiffs and arrested them, thus restricting their freedom of movement, and this was done without legal justification.

29. The actions of one or more Chicago Police Officers were the direct and proximate cause of the injuries suffered by the Plaintiffs as described more fully above.

30. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiffs demand compensatory damages against Defendant City of Chicago, plus the costs of this action, plus any other additional relief this Court deems equitable and just.

### **COUNT V – State Law Claim of Malicious Prosecution (*respondeat superior*)**

(Plaintiffs v. City of Chicago, and Officers Harris, Vivanco, Rodriguez, and Rawls)

31. Plaintiffs re-allege paragraphs 1-13 and incorporate them herein as if stated in full.

32. Harris, Vivanco, Rodriguez, and Rawls each caused to be filed false criminal charges of resisting arrest and aggravated battery to a peace officer against each of the Plaintiffs.

33. Harris, Vivanco, Rodriguez, and Rawls knew there was no probable cause for the filing of these charges, and acted with malice in pursuing these charges.

34. Harris, Vivanco, Rodriguez, and Rawls each played a substantial role in prosecuting the Plaintiffs.

35. Harris, Vivanco, Rodriguez, and Rawls each acted in the course and scope of their

employment with the City of Chicago in pursing these false charges.

36. In a bench trial, the Plaintiffs were found not guilty of all of the charges placed against them, in a manner consistent with the innocence of the Plaintiffs.

37. The actions of Harris, Vivanco, Rodriguez, and Rawls were the direct and proximate cause of the injuries suffered by the Plaintiffs as described more fully above, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiffs demand compensatory damages against Defendant City of Chicago and Officers Harris, Vivanco, Rodriguez, and Rawls, plus the costs of this action, plus any other additional relief this Court deems equitable and just.

## **COUNT VI - Indemnification**

(Plaintiff v. City of Chicago)

38. Plaintiffs re-allege paragraphs 1-13 and incorporate them herein as if stated in full.

39. The Defendant City of Chicago is the indemnifying entity for the actions described in this Complaint; to wit, the actions of the Defendant Officers against Plaintiffs, which were taken while acting under color of law and in the course and scope of their employment with the City of Chicago.

WHEREFORE, should the Defendant Officers be found liable on one or more of the claims set forth herein, Plaintiffs demand that the Defendant City of Chicago be found liable for any judgment, other than punitive damages, Plaintiffs obtain thereon.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

                Respectfully submitted,

                <u>s/ Richard Dvorak</u>
                An Attorney for the Plaintiffs
                Attorney No. 6269687

Richard Dvorak
Dvorak, Toppel & Barrido, LLC.
200 S. Michigan Ave., Suite 1240
Chicago, IL 60604
312.663.9500 (p)
312.663.9800 (f)
richard_dvorak@civilrightsdefenders.com