IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL MOORE, ASIA MOORE, | ) ) ) | |
| Plaintiffs, | ) ) | 10 C 5371 |
| vs. | ) ) | Judge Darrah |
| CITY OF CHICAGO, a municipal corporation, et.al | ) ) ) ) | Magistrate Judge Cole |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE OPPOSING DEFENDANT'S MOTION TO CONTINUE THE JURY TRIAL**

The Plaintiffs, Angel and Asia Moore, by and through one of their attorneys, Richard Dvorak, of THE LAW OFFICE OF RICHARD DVORAK, hereby respond to the Defendants' motion to continue the jury trial in this matter. In support, the Plaintiffs state as follows:

1. A party may seek leave to continue a trial date, pursuant to Rule 16(b) "upon a showing of good cause." F.R.C.P. 16(b); *Wait Radio v. Century Broadcasting Corp.*, 85 C 7579, 1989 U.S. Dist. LEXIS 12364 (N.D. Ill. 1989).

2. A district court's decision denying a motion to continue will not be reversed absent an abuse of discretion. *Research Systems Corp. v. Ipsos Publicite*, 276 F.3d 914 (7th Cir. 2002).

3. This complaint was filed on August 25, 2010.

4. On October 7, 2010, attorney Eileen Letts, of GREENE & LETTS, filed her appearance as the lead attorney in this case. At the same time, attorneys Carl Turpin and Allen Walker filed their appearances on this case.

1

5. This case was originally set for a jury trial on January 23, 2012 (Dkt. No. 23).

6. On May 26, 2012, by agreement of the parties, that jury trial date was re-set to June 11, 2012 (Dkt. No. 28).

7. On January 13, 2012, the Defendants requested a motion for extension of time for completion of discovery (Dkt. No. 37), which the Plaintiffs opposed. In that motion, the Defendants assured this Court: "An extension of the discovery cut-off date would not change the June 6, 2012, trail date set by this Court in this matter." (Dkt. No. 37, Def. Mtn., para. 12).

8. According to the Defendants' motion, attorney Carl Turpin left the firm in January of 2012, and attorney Allen Walker was selected to become an associate judge on April 20, 2012 (Def. Mtn. para. 1).

9. The Defendants filed their motion to continue on May 8, 2012.

10. Despite knowing since January that Mr. Turpin would not be trying this case, and despite knowing since most assuredly before April that there would be a decent chance that Mr. Walker's judicial appointment application would be accepted, Ms. Letts made no attempt to secure alternative representation in this case, and apparently has made no attempt to work on the case herself.

11. Ms. Letts has been the lead counsel on this case from the beginning, but apparently has done little or no actual work on this case, instead leaving that work to two attorneys in her firm, one of whom has been gone from the office since January, and the other she knew had a judicial appointment pending since sometime before April.

12. Ms. Letts is a seasoned and skilled attorney who is quite capable of handling this matter, and most assuredly has numerous attorneys available at her firm who could

assist her in this matter. The trial is expected to last three or four days, and the Defendants do not have their own expert witness to prepare.

13. Ms. Letts' firm has been paid handsomely over the years by the City of Chicago, so it is difficult to imagine there were not or are not attorneys at her disposal to work up this City case. In fact, her firm has been paid over $4 million by the City in various City cases since 2000, and this case is likely one of the 25 lump-sum cases referred to in the table that has netted her firm almost one million dollars. See Exhibit A (FOIA figures obtained by the People's Law Office).

14. By contrast, the Plaintiffs, young women of limited financial means, have not received a dollar yet from the City in this case, and their attorneys have spent almost $30,000.00 working up this case. Financially, there is no doubt that further delay benefits the Defendants, and prejudices the Plaintiffs.

15. The Plaintiffs are ready for trial. All discovery closed in this case on April 30, 2012 (Dkt. No. 39), and no dispositive motions were filed (Dkt. No. 40).

16. The Plaintiffs have hired a medical expert (the Defendants have not), and, because this doctor's schedule conflicted with the trial date, the Plaintiffs instead filed a motion to take his video-taped evidence deposition, and the Defendants agreed to this motion (Dkt. Nos. 42-44). This motion was filed on April 12, 2012. Knowing there was a good chance they would seek a continuance, the Defendants' attorneys could have simply told Plaintiffs' counsel that they were considering filing a motion to continue the trial date, and thus there would have been no need to pay the expert for his evidence deposition and his preparation, and to make arrangements for his deposition. Now, however, Plaintiffs' counsel has fully paid the doctor for his

evidence deposition and preparation time, and the videotaped trial deposition is ready to proceed on May 21, 2012.

17. Moreover, Plaintiffs' counsel has been working diligently to secure and prepare witnesses for trial, and to get a draft FPTO over to defense counsel by early next week, in time for the FPTO deadline of May 23, 2012.

18. Thus, granting a continuance would be prejudicial to the Plaintiffs. The Plaintiffs' attorneys have now fully prepared their trial based on their expert being presented by video deposition, have set aside the time in their three, separate busy schedules, notified witnesses of the trial date, and have put extensive work into drafting the draft FPTO, which should be given to defense counsel early next week. Granting a continuance would unnecessarily delay this case, and delay the Plaintiffs' day in court.

19. Ms. Letts has been the lead attorney on this case for nearly two years, and thus her protests of not being prepared for a trial she knew she was listed as the lead attorney should not be accepted as a valid excuse to delay the Plaintiffs' day in court. Additionally, given the vast financial resources of her firm, there is no doubt she has the wherewithal and the funds to assign new attorneys to this case for additional help.

20. Finally, the Plaintiffs have had a substantial demand out to the Defendants since earlier in the year. Meanwhile, the City has not offered one dollar to settle this case. The Plaintiffs are content with trying this case with a zero-offer on the table, however, the City should then have to live with such an unconscionably risky legal tactic in a case where the Plaintiffs' expert is expected to testify Angel Moore, one of the Plaintiffs, suffered permanent blindness as a result of the beating in this case (the

4

Plaintiff was partially blind before this incident, but now is permanently blind as a result of the beating she took in this case). In other words, if the City of Chicago is content with going to trial in this case without offering any settlement money, then it should live with the consequences of its actions, and face the jury trial that its zero-offer position has forced the Plaintiffs to prepare for. Allowing the City to at once to force the Plaintiffs to trial by not offering any money, but at the same time protesting its ill-preparedness to try the case would be deeply unfair and unjust. The Defendants' motion to continue should be denied.

WHEREFORE, the Plaintiffs respectfully request this Honorable Court deny the Defendants' motion to continue the jury trial.

    Respectfully submitted,

    s/ Richard Dvorak,
    One of the Attorneys for
    the Plaintiffs.

Richard Dvorak
LAW OFFICES OF RICHARD DVORAK
200 S. Michigan Ave., Suite 1240
Chicago, IL 60604
(312) 663-5400 (p)
(312) 663-9800 (f)
richard_dvorak@civilrightsdefenders.com